# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TERRY KERSHAW** | : | CIVIL ACTION NO. 2:21-cv-406 |
| **CHERYL KERSHAW** | : | |
| | : | |
| VS. | : | JUDGE |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY** | : | MAGISTRATE JUDGE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs, Terry Kershaw and Cheryl Kershaw (hereinafter referred to as "the Kershaws"), by their undersigned attorneys, allege as follows:

## NATURE OF ACTION

1.

This is an action by the Kershaws for damages against their homeowner's insurance company, State Farm Fire and Casualty Company (hereinafter referred to as "State Farm"), for its failure to pay the full sums owed under its insurance policy resulting from damages to their home caused by Hurricane Laura.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiffs, The Kershaws, are citizens of the State of Louisiana. Defendant, State Farm, is a foreign insurance company domiciled in the State of Illinois. The unpaid losses due under Defendant's insurance policy exceed $75,000.00, and Plaintiffs also seek penalties, attorney's fees, costs, and expenses on top of those unpaid losses pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

## THE PARTIES

4.

Plaintiffs, the Kershaws, are husband and wife and adult residents of Lake Charles, Louisiana.

5.

Defendant, State Farm, is a foreign insurance company domiciled in the State of Illinois, and can be served with this Complaint through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## FACTUAL ALLEGATIONS

6.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a Category 4 (near category 5) hurricane, with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Laura traveled north and directly hit Lake Charles, Louisiana, with sustained winds of nearly 100 miles per hour and gusts over 130 per hour.

8.

At the time of Hurricane Laura, and through the present, the Kershaws were and still are

the owners of the home and property located at 701 Contour Drive, Lake Charles, Louisiana 70605 ("the home").

9.

As a result of Hurricane Laura, the home sustained extensive damage rendering it uninhabitable.

10.

Damage from Hurricane Laura was diffuse throughout the exterior and interior of the home.

11.

The contents and other structures of the home also sustained significant damages.

12.

At the time these damages were sustained due to Hurricane Laura, the Kershaws had in full force and effect a policy of insurance with State Farm providing coverage for all of the losses sustained by the Kershaws to their home, other structures, personal property, as well as for debris removal and loss of use.

13.

The Kershaws promptly reported their losses to State Farm resulting from Hurricane Laura and made a claim for payment of those losses.

14.

On September 3, 2020, an adjuster retained and/or employed by State Farm inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine the Kershaws's losses caused by Hurricane Laura without any limitations.

15.

The Kershaws received partial payment for damages to their home and have not recovered the full value for their contents and additional living expenses.

16.

At that time, State Farm estimated damages far below the discoverable damages to the property, provided estimates for materials costs that were below market price, and did not provide funds for all the damages that could have been discovered through a reasonable inspection.

17.

Plaintiffs, the Kershaws, have not received any further payments for the home since the initial inadequate payment after Hurricane Laura, and more than 60 days have passed since that payment.

18.

The estimates and payments made to date by State Farm to the Kershaws are woefully inadequate to cover the costs to repair the damages to the home and its other structures, which damages were clearly visible to the adjuster retained and/or employed by State Farm at the time of the adjuster's inspection.

19.

The Kershaws have suffered mental anguish and aggravation as a result of State Farm's actions and failure to pay the amount owed under the policy and inspect the Kershaws's property following additional losses.

## CAUSES OF ACTION AND DAMAGES

### A. THE INSURANCE POLICY

20.

The Kershaws reiterate and incorporate by reference all allegations in Paragraphs 1-19 above.

21.

The damages to the home and its other structures greatly exceed the amounts estimated and paid by State Farm.

22.

The Kershaws are entitled to recover from State Farm for the additional sums needed to make full repairs to the home and its other structures in accordance with the insurance coverages the Kershaws purchased from State Farm.

23.

The Kershaws are also entitled to recover for the unpaid and/or underpaid losses and damages they sustained in accordance with the insurance coverages the Kershaws purchased from State Farm.

### B. PENALTIES AND ATTORNEY'S FEES

24.

The Kershaws reiterate and incorporate by reference all allegations in Paragraphs 1-23 above.

25.

Pursuant to Louisiana Revised Statute 22:1892, State Farm was required to unconditionally tender payment to the Kershaws for the undisputed losses caused by Hurricane Laura within 30

days of State Farm's receipt of satisfactory proof of loss when its adjuster inspected the home. State Farm failed to do so.

26.

La. R.S. 22:1892 further required State Farm to re-evaluate the Kershaws's claim and to tender additional unconditional payments to the Kershaws each time State Farm received additional information concerning the losses sustained by the Kershaws. State Farm failed to do so.

27.

Pursuant to La. R.S. 22:1892, State Farm is liable to the Kershaws for a penalty of 50%, in addition to the amount of the loss, on the amount due from State Farm, as well as reasonable attorney's fees and costs, for State Farm's failure to unconditionally tender the amounts owed to the Kershaws within 30 days after receipt of satisfactory proof of loss and State Farm's failure to issue sufficient unconditional tender payments within 30 days of satisfactory proof of loss was arbitrary, capricious, or without probable cause.

28.

Pursuant to La. R.S. 22:1973, State Farm is additionally liable to the Kershaws for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for State Farm's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Kershaws within 60 days after receipt of satisfactory proof of loss and State Farm's failure to issue such payments within 60 days was arbitrary, capricious, or without probable cause.

29.

Pursuant to La. R.S. 22:1973, in addition to actual damages for its breaches of the statute,

State Farm is additionally liable to the Kershaws for a penalty of the up to two times the actual damages the Kershaws sustained or five thousand dollars, whichever is greater.

### REQUEST FOR RELIEF

30.

WHEREFORE, Plaintiffs, Terry and Cheryl Kershaw, pray that, after due proceedings, there be a judgment rendered herein in Plaintiff's favor and against Defendant, State Farm Fire and Casualty Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,
**THE TOWNSLEY LAW FIRM, LLP**

BY: /s/ Hannah E. Mayeaux
**HANNAH E. MAYEAUX , Bar Roll #39275**
**JORDAN Z. TAYLOR, Bar Roll #35346**
3102 Enterprise Boulevard
Lake Charles, LA  70601
Telephone:     (337) 478-1400
Facsimile:      (337) 478-1577
Email: hannah@townsleylawfirm.com
Email: jtaylor@townsleylawfirm.com

*ATTORNEYS FOR PLAINTIFFS, TERRY KERSHAW AND CHERYL KERSHAW*

**PLEASE SERVE AS FOLLOWS:**

**STATE FARM FIRE AND CASUALTY COMPANY**
**THROUGH ITS AGENT FOR SERVICE,**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LOUISIANA  70809**